OPINION of the Court, by
Ch. J. Botee.
The appellee, who was complainant in the court below, derives his title to the land which is the subject of controversy under the following certificate and entry :
“ February 4th, 1780 — John Wilkeson this dayclaiin-cd a pre-emption of 400 acres, on account of making an actual settlement in the month of March 1779, lying about three miles JV*. W. of Harrod’s lick, on a small creek that empties into Kingston’s fork of Licking creek, on both sides of said creek for quantity. Satisfactory proof being made to the court, they are of opinion that the said Wilkeson has a right to a pre-emption of 400 acres of land, to include the above location, and that a certificate issue accordingly.”
“ April 26th, 1780 — John Wilkeson enters 400 acres by virtue of a pre-emption warrant, about three miles from Harrod’s lick, a JV*. E. course, upon a branch that empties into Hingston’s Mill creek, on both sides of the branch for quantity.”
That the entry with the surveyor entirely departs froiq the location given in the commissioners’ certificate, is apparent, not only because the call for the settlement is omitted in the entry, but because the call for the course from Harrod’s lick, which is an essential part of the description of the land intended to be áppvopriated, is widely different in the entry from that winch is contained in the certificate.
*374 The question then,occurs, whether the entry with tha surveyor thus departing- from the location granted by the commissioners, was at the time the entry was made authorised by law ?
The solution of this question depends upon the construction of the “act for adjusting and settling the titles of cl aimers to unpatented land,” &c. and of the “ act establishing a land office,” &c. both of which passed at the May session of the Virginia legislature in 1779. By the 5 th section of the first mentioned act it is declared. that “ all persons who, since the first day of January KTS, have actually settled on any waste or unappropriated lands, to which no other person hath a just or legal right, shall be entitled to the pre-emption of any quantity of land not exceeding 400 acres, to include such settlement at the state price to other purchasers : provided they respectively demand and prove their right to such preemption before the commissioners for the county, to be appointed hv virtue of this act, within eight months, pay the consideration money, produce the auditor’s certificate for the treasurer’s receipt for the same, take out their warrants from the register of the land office within ten months, and enter the same with the surveyor of the county within twelve months next after the end of this present session of the general assembly, and thereafter duly comply with the rules and regulations of the land office. — And where any such warrant shall not be entered and located with the county surveyor within the before mentioned space of twelve months, the right of pre-emption shall be forfeited, and the Sands therein mentioned may be entered for by any other person holding another land warrant; hut such pre-emption warrant may nevertheless be located upon any other waste or unappropriated lands, or upon the same where they have not in the meantime been entered for by some other.”
It is not pretended that a person within the purview of this provision, had in virtue of it a right of pre-emption to any other tract or parcel ofland than that which included his actual settlement; and it is evident that to secure to, him that right for a limited time was the primary object of the legislature in the enactment of the provision. Such being their object, it was natural to confine the provision to its attaint ent; and accordingly we find not the slightest indication of an intention on *375 the part of the legislature to authorise the location of other land, for the time the right of pre-emption was secured to that including the actual settlement.
The last clause of the provision gives indeed the right of locating the pre-emption warrant upon other lands; but that, by the express words of the act, is after the forfeiture of the right of pre-emption by a failure to enter the warrant within the time prescribed; and so fai* is the right tiras expressly given to locate other lands after the forfeiture of the right of pre-emption, from implying a previous right to make such location, that it rather repels such implication : for it is a rule that the expression of one thing is the exclusion of any other. It results then as the entry in question was made prioh to the expiration of twelve months after the end of the then session of the legislature, that it was not authorised by the provision recited from the first mentioned act.
The only part of the act establishing the land office, which has any hearing upon this point, is the clause which inhibits the surveyor of any county from “ admitting the entry or location of any warrant upon treasury rights, except pre-emption warrants, in his books, before the first day of May 1780.” The exception of preemption warrants from the operation of the prohibitory clause, is the ground from which the inference is attempted to be deduced in favor of the right to locate a preemption warrant prior to the first of May 1780, upon other land than that for which the right of pre-emption Was granted. Sat the inference is certainly not warranted. The previous act of the same session of the legislature, had, as wchave already seen, authorised the entry of pre-emption warrants with the surveyor, but had confined the right of location to the particular lands for which the pre-emptions wére granted. To prevent any conflict in this respect between the two acts, it became necessary to make the exception of pre-emption Warrants from the effect of the inhibition to locate other Warrants; and such ho doubt was the sole object of the legislature.
Upon ho principle, therefore, can the acts of assembly ⅛ question be construed to authorise the erttry undeb Which the complainant in this case derives title; and if hot authorised by law, it is plain ft cannot be the soUrc'* ®f a valid title.
*376 It was admitted in argument, that such an entry had never been sustained by an express ad judication of this court, but cases w ere referred to in which it was contended the court had predicated their opinion upon the validity of such an entry. In answer to this argument* founded upon these cases, it is sufficient to remark, that the only question involved in them in relation to such an entry as the present, was whether it was a good object fora call in a subsequent location, and the court adjudged that it was. But this does not necessarily imply that the entry was valid : for as it was matter of record, though not valid for the purpose of appropriating land, it would nevertheless be, a good object of location, upon the same principle that a survey when admitted to record, though made variant from the location in its entry, has been often held to be a sufficient object of description in a subsequent entry.
The decree must therefore he reversed with costs, and the cause remanded that the bill may be dismissed with costs.